**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3261
_____

CITY OF ASBURY PARK,
                              Appellant

v.

STAR INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 3-17-cv-05059)
District Judge: Honorable Brian R. Martinotti

_____

Submitted under Third Circuit L.A.R. 34.1(a)
on July 12, 2019

Before: SHWARTZ, KRAUSE, and FUENTES, *Circuit Judges*

(Opinion filed: August 4, 2020)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Last year, we certified to the Supreme Court of New Jersey the question, raised by this case, of "whether the 'made-whole' doctrine . . . applies to risk that has been allocated to an insured, such as a self-insured retention or deductible." *City of Asbury Park v. Star Ins. Co.*, No. 18-3261, 2019 WL 9105722, at *1 (3d Cir. Aug. 12, 2019). The Supreme Court accepted certification and has now answered the certified question "in the negative." *City of Asbury Park v. Star Ins. Co.*, -- A.3d --, No. A-20-19, 2020 WL 3493526, at *3 (N.J. June 29, 2020). The Court's holding defeats Asbury Park's primary contention on appeal, which was that the made-whole doctrine overrides the contractual language as to allocation of risk.

Asbury Park now argues that it is entitled to recovery, notwithstanding the rejection of its made-whole doctrine argument, because the contractual language here did not "unambiguously provide[] Star with all of the City's rights to recovery against third-party tortfeasors in the event that Star makes a payment under the Policy." *Asbury Park*, 2020 WL 3493526, at *10. We disagree. The contract provides that, "In the event of *any* payment under this Insurance contract, the Insurer shall be subrogated to all of the Insured's rights of recovery." App. 102 (emphasis added). Although Asbury Park protests that there is some ambiguity to this provision, we can find none. Indeed, Asbury Park's new contentions are less arguments in favor of finding ambiguity in the contract than attempts to relitigate the certified question in different terms. *See, e.g.*, Appellant's Suppl. Br. 5 (encouraging us to follow Washington precedent holding that "an insured

2

should be 'made-whole' when [a self-insured retention] payment is made").  For that reason, and in view of the holding of the Supreme Court of New Jersey, we will affirm.